No. 21,644.

MABEL CAPPER, *Plaintiff*, v. C. T. NEIHART and THE FIRST NATIONAL BANK OF LYNDON, *Defendants*.

HEADNOTE BY THE REPORTER.

MANDAMUS—*Transfer of Bank Stock—Issues Properly Joined.* A demurrer to an answer to an alternative writ of mandamus can not be sustained where the answer puts in issue material allegations of the writ.

Original proceeding in mandamus. Opinion filed November 8, 1917. Motions to quash denied. Demurrer to answers overruled.

*E. N. Boatman,* of Topeka, for the plaintiff.

*A. K. Stavely,* of Lyndon, for the defendants.

*Per Curiam:* In this action the plaintiff seeks by mandamus to compel the defendants to transfer to her, on the books of the defendants' bank, certain shares of stock. In the alternative writ it is alleged that—

"Plaintiff is the owner, by virtue of an assignment in writing and delivery duly and legally made of certificate of stock No. 80—a copy of said certificate, and the assignment thereof, is hereto attached and

marked Exhibit 'A' and made a part hereof—by A. Capper, the registered owner thereof, of eighteen shares of the capital stock of the defendant corporation, the First National Bank of Lyndon."

Each of the defendants has filed a motion to quash the alternative writ of mandamus issued against him. Each of the writs states a cause of action in favor of the plaintiff, and the motions to quash the writs are denied.

Each of the defendants has answered, and each "denies each and every material allegation in said writ contained except such as are hereinafter admitted." Each answer is verified by defendant C. T. Neihart, who is the president of the defendant bank. Each of the affidavits verifying the answers contains the following:

"That the said A. Capper did not execute and deliver to plaintiff the assignment of stock attached to plaintiff's petition and marked 'Exhibit A.'"

Each of these answers, with its verification, puts in issue the execution and delivery of the assignment of that stock to the plaintiff. The plaintiff demurs to each of the answers.

The demurrer can not be sustained for the reason that the plaintiff's ownership of the stock, and the execution and delivery of the assignment thereof to her, are denied. No other reason appears for not sustaining the demurrer and rendering judgment in favor of the plaintiff thereon.

The demurrer is overruled.